NO. 07-03-0235-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 7, 2005


______________________________



TERRY RAY BENDER, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 7499-A; HON. HAL MINER, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Terry Ray Bender (appellant) appeals from an order revoking his probation. His two
issues concern the authority of the trial court to enter the order after his probationary period
expired and the court formally discharged him from probation. We affirm the order of
revocation.

 As for the matter of revoking probation after the probationary period expired,
authority holds that a trial court may do so if two conditions are met. They consist of the
State moving to revoke and obtaining the issuance of a warrant or capias before the
period's end. Ex parte Donaldson, 86 S.W.2d 231, 233 (Tex. Crim. App. 2002). At bar, it
is undisputed that the motion to revoke was filed and a capias was issued before
September 25, 2002, the date on which appellant's community supervision was to lapse. 
The conditions of Donaldson having been satisfied, the trial court had jurisdiction to rule on
the motion after September 25, 2002. Thus, this issue is overruled.

 As to the allegation that the trial court lacked authority to rescind a prior order
discharging appellant from probation and, thereafter, grant a timely motion to revoke, we
find the argument insufficiently briefed. (1) In short, appellant cited neither direct nor
analogous authority to support his contention. (2) Furthermore, when an appellant
inadequately briefs an issue, the reviewing court has the authority to overrule it. See
Rhoades v. State, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (overruling the point due
to inadequate briefing). Moreover, failing to cite either direct or analogous authority in
support of a contention is an example of inadequate briefing. See e.g., id. Given that lack
of citation by appellant in support of this particular contention, we overrule it as well.

 Accordingly, the judgment revoking appellant's community supervision is affirmed. (3) 



 Per Curiam


 Do not publish.
1. The trial court signed on November 5, 2002, an order discharging appellant from probation. 
However, an order vacating the November 5th decree and a judgment revoking appellant's community
supervision were signed on December 5, 2002, and May 14, 2003, respectively.
2. We do not consider appellant's reference to Ex parte Donaldson, 86 S.W.2d 231 (Tex. Crim. App.
2002) as either direct or analogous support for this particular issue. This is so because it did not purport to
address a situation wherein the court previously executed an order discharging the appellant from probation. 
Nor does he argue that Donaldson actually applies to the specific question before us.
3. We make no comment on whether this issue may be addressed via habeas corpus pursuant to article
11.07 of the Texas Code of Criminal Procedure.



nt again waived his complaint. Ethington
v. State, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991) (stating that a defendant must
object each time evidence on a particular subject matter is offered unless he makes a
running or continuing objection or moves the court outside the presence of the jury to
consider the admissibility of all evidence on a particular subject matter); Russell v. State,
904 S.W.2d 191, 196-97 (Tex. App.-Amarillo 1995, pet. ref'd) (stating that a party must
continue to object each time the purportedly inadmissible evidence is offered to preserve
error).

 Accordingly, we affirm the judgment of the trial court.


 Per Curiam


Do not publish.